# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## MOBILE DIVISION

| | |
|---|---|
| **LATISHA CAUSEY and TAKISHA GALES,** | **Civil Case Number:** |
| **Plaintiffs,** | **CIVIL ACTION** |
| | **COMPLAINT** |
| **-against-** | **AND** |
| | **DEMAND FOR JURY TRIAL** |
| **SANTANDER CONSUMER USA INC., RESOLVION, LLC, and EJY ENTERPRISES d/b/a TRI STATE RECOVERY, LLC,** | |
| **Defendants.** | |

Plaintiff LATISHA CAUSEY and TAKISHA GALES (collectively, "Plaintiffs"), both Alabama residents, bring this Complaint by and through the undersigned attorneys, against Defendant SANTANDER CONSUMER USA INC., Defendant RESOLVION, LLC, and Defendant EJY ENTERPRISES d/b/a TRI STATE RECOVERY, LLC (collectively, the "Defendants").

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  The Court also has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiffs bring this action because Defendants unlawfully repossessed their vehicle

despite lacking an enforceable security interest in it, thereby violating the Alabama Uniform Commercial Code ("AL UCC").  Plaintiffs also bring a claim against Defendants RESOLVION, LLC, and EJY ENTERPRISES d/b/a TRI STATE RECOVERY, LLC, for unlawfully repossessing their vehicle in violation of the Fair Debt Collection Practices Act ("FDCPA"), codified at 15 U.S.C. § 1692.

4. Plaintiffs seek statutory, punitive, and actual damages, as well as attorneys' fees and costs.

## PARTIES

5. Plaintiff LATISHA CAUSEY ("Plaintiff Causey") is a natural person and a resident of Theodore, Alabama, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

6. Plaintiff TAKISHA GALES ("Plaintiff Gales") is a natural person and a resident of Theodore, Alabama, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant SANTANDER CONSUMER USA INC. ("Santander") is an auto financing company headquartered in Dallas, Texas.

8. For purposes of Plaintiffs' claim under 15 U.S.C. § 1692f(6), Santander is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

9. Defendant RESOLVION, LLC ("Resolvion"), is a limited liability company that specializes in nationwide recovery management, skip tracing and impound services on behalf of lenders and creditors, with its principal place of business in Charlotte, North Carolina.

10. Upon information and belief, Defendant Resolvion is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the

enforcement of security interests, namely the repossession of vehicles by lenders.

11. For purposes of Plaintiffs' claims under 15 U.S.C. § 1692f(6), Defendant Resolvion is a "debt collector," as defined under the FDCPA, 15 U.S.C. § 1692a(6).

12. Defendant EJY ENTERPRISES d/b/a TRI STATE RECOVERY, LLC ("Tri-State Recovery") is a repossession company with its principal place of business in Irvington, Alabama.

13. Upon information and belief, Defendant Tri-State Recovery is a company that uses the mail, telephone, or facsimile in a business whose principal purpose is the enforcement of security interests, namely the repossession of vehicles by lenders.

14. For purposes of Plaintiffs' claim under 15 U.S.C. § 1692f(6), Defendant Tri-State Recovery is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

15. Plaintiffs repeat, reiterate, and incorporate the allegations contained in the above paragraphs with the same force and effect as if the same were set forth at length herein.

16. Plaintiffs own a 2024 Ford Edge (the "Vehicle"), which they purchased from a Suncoast dealership in Mobile, Alabama, which purchase was financed through a loan with IDA Acceptance 360 ("IDA").

17. Plaintiffs purchased the Vehicle for their personal use and enjoyment.

18. While owned by the Plaintiffs, the Vehicle has always had a clean title and no liens recorded against the title, other than the IDA loan.

19. Plaintiffs have never been aware of any liens or financing secured by the Vehicle, other than the IDA loan.

20. Upon information and belief, however, and unbeknownst to Plaintiffs, Defendant Santander erroneously claims it has a security interest in the Vehicle, and that it is owed money on an auto loan secured by that vehicle.

21. The money allegedly owed on the Santander loan is a consumer "debt" as that term is defined in 15 U.S.C. § 1692a(6)

22. As a result, Santander allegedly contracted with Defendant RESOLVION to repossess Plaintiffs' vehicle.

23. Upon information and belief, Resolvion does not perform any repossessions itself in Alabama, but contracts with repossession companies nationwide to carry out the actual repossessions, a fact known to Santander.

24. Upon information and belief, after being contracted by Santander to repossess Plaintiffs' vehicle, Resolvion arranged for Defendant Tri-State Recovery to carry out the actual repossession.

25. On or about September 4, 2025, at approximately 4:00 a.m., Defendants unlawfully repossessed the Vehicle from Plaintiffs' private driveway.

26. Upon discovering that the Vehicle was missing, and thinking the Vehicle to be stolen, Plaintiffs immediately contacted law enforcement.

27. Law enforcement informed Plaintiffs that the Vehicle had been repossessed by Tri-State Recovery.

28. Plaintiffs then contacted Tri-State Recovery, who informed Plaintiffs that Resolvion

ordered the repossession in connection with a purported owner unknown to Plaintiffs.

29. The Vehicle was ultimately returned to Plaintiffs approximately three (3) weeks later, in visibly damaged condition.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f *et seq.***
**(Against Resolvion and Tri-State Recovery)**

30. Plaintiffs repeat, reiterate, and incorporate the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

31. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

32. Section 1692f(6) of the FDCPA specifically prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; or

> (C) the property is exempt by law from such dispossession or disablement.

33. At the time of the repossession, Defendants did not have an enforceable security interest in Plaintiffs' vehicle, but they seized the Vehicle anyway and then held that vehicle even after they were alerted that they had no right to take the Vehicle.

34. Furthermore, because Defendants did not have an enforceable security interest in the vehicle, the Vehicle was clearly exempt by law from dispossession.

35. As a result, Defendants Resolvion and Tri-State Recovery violated 15 USC § 1692f(6) when they repossessed Plaintiffs' vehicle.

36. By illegally repossessing Plaintiffs' vehicle in violation of the FDCPA, Defendants harmed Plaintiffs, in subjecting Plaintiffs to improper and deceptive collection activity, in violation of Plaintiffs' statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

37. Defendants' illegal activity also harmed Plaintiffs by causing Plaintiffs to suffer actual damages including anger, anxiety, emotional distress, frustration and embarrassment, loss of time, deprivation of the use of their vehicle and possessions, and damage to the Vehicle.

38. By reason thereof, Defendants Resolvion and Tri-State Recovery are liable to Plaintiffs for judgment that Defendants' conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

## COUNT II

**WRONGFUL REPOSSESSION**
**Code of Ala. § 7-9A-609 *et seq.***
**(Against All Defendants)**

39. Plaintiffs repeat, reiterate, and incorporate the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

40. Plaintiffs bring this Count against all Defendants.

41. Alabama law only permits nonjudicial, self-help repossession of consumer motor vehicles only after default and only where the lender has an enforceable security interest. *See,* Code of Ala. § 7-9A-609.

42. At the time of the repossession, Defendants did not have an enforceable security interest in Plaintiffs' vehicle, but they seized the Vehicle anyway and then held that vehicle for a period of time, despite being alerted that they had no right to take the Vehicle.

43. As a direct and proximate result of Defendants' illegal repossession, Plaintiffs suffered damages, including the loss of use of the Vehicle and the possessions contained therein, and the loss of the right to pre repossession judicial process.

44. By illegally repossessing Plaintiffs' vehicle in violation of the UCC, Defendants harmed Plaintiffs, by subjecting them to improper and unconscionable collection practices in violation of their statutory rights.

45. Defendants' illegal activity also harmed Plaintiffs by causing them to actual damages including anger, anxiety, emotional distress, frustration and embarrassment, loss of time, deprivation of the use of their vehicle and possessions, and damage to the Vehicle.

## COUNT III

### CONVERSION
### (Against All Defendants)

46. Plaintiffs repeat, reiterate, and incorporate the allegations contained in the

paragraphs above herein with the same force and effect as if the same were set forth at length herein.

47. Plaintiffs bring this Count against all Defendants.

48. On or about September 4, 2025, Plaintiffs had actual and constructive possession of the Vehicle.

49. On or about September 4, 2025, Defendants took possession of Plaintiffs' vehicle and deprived Plaintiffs of the use of that vehicle.

50. As set forth above, this was done illegally, without an enforceable security interest.

51. As a result, Defendants did not have the right to assume possession of this vehicle.

52. Defendants' conversion of Plaintiffs' vehicle harmed Plaintiffs, by depriving Plaintiffs of the use of their vehicle and the possessions therein.

53. Defendants' illegal activity also harmed Plaintiffs by causing Plaintiffs to suffer actual damages including anger, anxiety, emotional distress, frustration and embarrassment, loss of time, deprivation of the use of their vehicle and possessions, and damage to the Vehicle.

54. By reason thereof, Defendants are liable to Plaintiffs for judgment that Defendants wrongfully converted Plaintiffs' vehicle, actual damages, punitive damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

55. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby request a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs demand judgment against Defendants as follows:

    (a)    awarding Plaintiffs actual and punitive damages;

    (b)    awarding Plaintiffs statutory damages, along with the attorneys' fees and expenses incurred in bringing this action;

    (c)    awarding pre-judgment interest and post-judgment interest; and

    (d)    awarding Plaintiffs such other and further relief as this Court may deem just and proper.

Dated: November  21, 2025

/s/ Yitzchak Zelman
Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
Pro Hac Vice Application to be
Filed Concurrently
*Attorney for Plaintiffs*